McKinney, J.,
delivered the opinion of tbe Court.
The presentment against the Mayor and Aldermen in this case, was quashed; and the Attorney General, on behalf of the State, appealed in error.
The case is rather a novel one. The substance of the charge is: That a public road, extending from Kingston, runs through the town of Loudon; and that at a point of said road, within the corporate limits of the town, the East Tennessee and Georgia Railroad crosses the same. And the ground of the prosecution is, the failure of the mayor and aldermen to put up a “ sign,” as prescribed by sec. 1166 of the Code.
For the prevention of railroad accidents, certain precautions are required by the section referred to. Among others, is the following: “ The overseers of every public road, crossed by a railroad, shall place at each crossing a sign, marked — Look out for the oars when you hear the whistle or hell; and the County Court shall appropriate money to defray the expenses of said signs.”
It is argued that this provision applies only to the public roads lying without the limits of the towns; to such roads as are properly under the control and regulation of the County Court. And such would seem to be the letter of the law. But it is a familiar rule in the exposition of statutes, that the reason and intention of the law, when obvious, will always prevail over the literal sense of the words. If this precaution he essential to the protection of the public — and the Legislature has so regarded it — is its observance less important as respects a public road within the limits of a town, than to a road lying without ? If not, upon whom shall the duty be devolved, in a case like the present? Shall the benificent object of the law be defeated, by a rigid adherence to the letter, in total disregard of the spirit and intention ?
It is clear, that it is neither the duty, nor the right of the County Court, or its overseer, to go within the corporate limits of a town to erect the signboard required by the *265 statute. In doing so, the overseer -would be a trespasser. It is -well settled, that the corporation of a town is bound to keep the streets in repair; and that the obligation to do so, is not created by the act of incorporation, but exists at common law. State v. Mayor and Aldermen of Murfreesboro’, 11 Hum., 217. And where a public county road passes through a town, and is used in common by the public, and the inhabitants of the town, both as a public road and a street of the town, the corporation must be regarded as the “ overseer ” of such road, so far as the same lies within its limits; and as such, must perform the duties enjoined by law upon the overseers of public roads. If this view be correct, it follows, that the Court erred in quashing the presentment.
Judgment reversed.